(130 App. Div. 586.)

### In re ROCKMORE.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. ATTORNEY AND CLIENT (§ 46*)—DISBARMENT—WITHDRAWAL BY PROSECUTOR.
    Where disbarment proceedings are instituted against an attorney for alleged misapplication of his client's funds, the proceedings cannot be dismissed by an attempted withdrawal of the charges by the client on obtaining a settlement of the claim with the attorney.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

2. ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—MISAPPROPRIATION OF FUNDS.
    Where money was paid by a client to his attorney to be deposited with the clerk of court as a condition to opening the client's default, and the attorney paid the money to his clerk, with directions to deposit it with the clerk of the court, and in good faith believed it had been so deposited, the attorney would not be guilty of misconduct warranting disbarment, but otherwise if the attorney applied the money to his own use.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Application by the Bar Association of the City of New York for the disbarment of David W. Rockmore, an attorney. Case referred to master.

See, also, 127 App. Div. 499, 111 N. Y. Supp. 879.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Einar Chrystie, for petitioner.
Lyman L. Settel, for respondent.

PER CURIAM. These charges, presented against an attorney by the Association of the Bar of the City of New York, are based upon an affidavit made by one Hartwell Stafford, from which it appears that an action had been commenced against Stafford in the Municipal Court and judgment had been obtained against him by default; that Stafford called upon the respondent, and after stating the facts in relation to that action the respondent advised Stafford that he had a good defense; that he believed he could open the default and win the case. Subsequently the respondent told Stafford that he had succeeded in opening the default, but that it would be necessary to deposit in the hands of the clerk of the court $128.27, being the amount of the judgment and costs, and on June 4th Stafford gave the respondent a check for this amount. Subsequently the respondent told Stafford that the amount of the check had been deposited with the clerk of the court and that the case was set down for the 16th of June, and Stafford was subsequently informed by the respondent that the case had gone over to September. Two days after this last interview Stafford was served with an order to appear and be examined in supplementary proceedings in the judgment thus obtained in the Municipal Court. He then inquired of the clerk of the court, and was told that no money had been deposited. Stafford then saw the respondent, who assured him that the money had been deposited; that he (respondent) had deposited it himself; that the order in supplementary proceedings was a mistake, and not to bother about it; that the respondent would look after everything, and the trial would take place in September. Stafford again went to see the respondent, who again assured him that the money was deposited; but Stafford, becoming suspicious about it, demanded back the money, and said he would look after the case himself. The respondent then gave Stafford a check, dated July 31st. This check was presented and payment refused. Subsequently the respondent gave Stafford a note dated August 1st. The respondent made various excuses about not paying the money, but finally, on the 3d of August, the respondent sent Stafford $100, and two days after $30 more, leaving unpaid $13.27, which, on the 26th of August, 1908, when this affidavit was made, had not been paid.

The respondent interposed an answer in which he admits receiving the $128.27 to be deposited with the clerk of the Municipal Court as a condition for opening the default, and alleges that after receiving this money from Stafford, and on June 4, 1908, he gave the check to his clerk, one Jacobson, to obtain the cash and deposit the same in the Municipal Court; that the clerk stated to respondent that he had deposited the amount, and the clerk then went on his vacation; that he subsequently ascertained that the clerk had cashed the check, had lost $55, and had made no deposit with the clerk. Subsequently the respondent repaid Stafford the amount that he had received from him, and Stafford wrote a letter that he had been convinced that:

"The lapses in the matter under consideration were caused by a clerk in Mr. Rockmore's office, and, therefore, no fault of his, and the full amount of money

which was involved in this case has been refunded to me. Consequently I request that the charges be withdrawn."

The withdrawal of the charges by the client does not affect these proceedings. It must be understood that proceedings of this character cannot be used to enforce collection of claims against an attorney, as well as that the repayment by an attorney of money improperly taken or withheld from a client will not condone the offense on the part of the attorney. The question depended solely upon whether or not the attorney has been guilty of fraud or other professional misconduct, and when once a proceeding has been instituted it is to be proceeded with, irrespective of any settlement or withdrawal of the charges by the complainant. If the respondent had received a sum of money from his client to deposit with the clerk of the court, and had applied it to his own use, a case would have been made out which would require action. If, however, the money had been actually paid to the respondent's clerk, and the respondent had in good faith supposed that it had been actually deposited, the respondent would have been guilty of negligence which would have justified censure. In order to properly dispose of the proceeding, that fact must be determined, and for that purpose an order of reference is directed.

Reference ordered. Settle order on notice.