# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 7562. Decided April 28, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Kenneth Mackintosh, Prosecuting Attorney for King County, Respondent,* v. GEORGE P. ROSSMAN, *Appellant.*[1]

ATTORNEY AND CLIENT—DISBARMENT—GROUNDS—BARRATRY—PERJURY. The commission of the crimes of barratry or perjury is ground for the disbarment of an attorney.

CONSTITUTIONAL LAW—CIVIL RIGHTS—ATTORNEYS—DISBARMENT—BARRATRY. Laws 1903, p. 68, making the personal solicitation of employment by an attorney barratry and ground for disbarment, is a reasonable restriction upon the right to practice law, which is a privilege and not a natural right; and is not, therefore, in derogation of the 14th amendment guaranteeing the liberty of the citizen to engage in lawful occupations.

ATTORNEY AND CLIENT—DISBARMENT—JURY—RIGHT TO TRIAL. A proceeding to disbar an attorney at law, under Bal. Code, §§ 4776, 4777, is in the nature of a civil action, in which a trial by jury is not required.

Appeal from a judgment of the superior court for King county, Morris, J., entered July 10, 1907, after a trial on the merits before the court without a jury, disbarring the defendant as a practicing attorney at law. Affirmed.

*Jackson Silbaugh,* for appellant.

*Kenneth Mackintosh* and *John C. Higgins,* for respondent.

[1]Reported in 101 Pac. 357.

MOUNT, J.—This appeal is prosecuted from an order of disbarment. The state upon relation of the prosecuting attorney of King county filed forty-four charges against the appellant, who was an attorney at law authorized to practice in this state, and prayed for his disbarment. The cause was tried to the court without a jury, and the appellant was found guilty on thirty-three of the charges. No evidence was offered in support of ten of the charges. Twenty-one of these charges of which he was found guilty were charges of barratry; one was a charge of perjury, one of slander against the wife of a deceased partner; the others were charges of fraud practiced by appellant upon clients and solicitors employed by him for the purpose of soliciting business.

It will not be necessary to set out these findings. The findings are correct beyond doubt. They show that the appellant had little or no conception of honest or fair dealing, and no regard for truth, or for his oath as attorney at law. He now admits a violation of the act of 1903, Laws 1903, page 68, defining barratry, but insists that no offense was committed, for the reason that the act is unconstitutional and void, being in derogation of the fourteenth amendment of the constitution of the United States, and art. 1 of the state constitution, which guarantee certain natural rights to citizens. It is argued that this act deprives the appellant of the right to liberty and the pursuit of happiness, for the reason that he has selected the profession of law as a lawful occupation, and that "liberty in its broad sense, as understood in this country, means the right, not only of freedom from actual servitude, imprisonment, or restraint, but the right of one to use his faculties in all lawful ways, to live and work when he will, to earn his livelihood in any lawful calling, and to pursue any lawful trade or vocation." Several cases are cited as supporting this position, among them being *State v. Brown*, 37 Wash. 97, 79 Pac. 635, 107 Am. St. 798, 68 L. R. A. 889; Russell, Police Power, pp. 34, 35; *Lawton v. Steele*, 152 U. S.

133, 14 Sup. Ct. 499, 38 L. Ed. 385; Black, Const. Lim. § 204, and others.

None of these authorities are in point in this case. Many general statements are made therein, to the effect that citizens have not surrendered certain natural rights, such as the right to life and property, and to earn a livelihood in any lawful way, and that these rights cannot be taken away by legislative enactment. These are general statements. They do not mean that any citizen may pursue any occupation, whether lawful or not, or that he may acquire property or hold it unlawfully or wrongfully. Even life, liberty, and property may be taken away from the citizen for the commission of crime or by due process of law. While it is true that the practice of law is a lawful occupation in itself, it is not a natural right or a right guaranteed by the constitution. It is a privilege granted by the state, and may be surrounded with whatever restrictions the legislature may in reason prescribe. 4 Cyc. 898 *et seq.;* 3 Am. & Eng. Ency. Law (2d ed.), p. 287; Weeks, Attorneys, p. 72; even to the extent of requiring an attorney, without compensation, to conduct the defense of destitute persons accused of crime. *Presby v. Klickitat County,* 5 Wash. 329, 31 Pac. 876.

The power of disbarment is possessed by all courts which have authority to admit attorneys to practice; but it can be exercised only where there has been such conduct by attorneys as shows them unfit to be members of the profession, such as securing employment by false representations, or attempting to represent adverse interests, or for the violation of the oath as an attorney, and such like offenses. *State ex rel. Dill v. Martin,* 45 Wash. 76, 87 Pac. 1054. If an attorney at law may be deprived of his right to practice his profession for these offenses, he certainly may be deprived thereof for the commission of crimes such as perjury and barratry. Barratry was a crime at the common law. 3 Am. & Eng. Ency. Law (2d ed.), pp. 859-861. It was a crime under the territorial laws which continued in force after

statehood. The act of 1903, page 68, amended the old law by providing, among other things, that,

"If any attorney or counselor at law shall seek or obtain employment to prosecute or defend in any suit or case at law or in equity by means of personal solicitation of such employment or by procuring another to solicit such employment for him, or shall by himself or another seek or obtain such employment by giving to the person from whom such employment is sought, money or any other thing of value, . . . he shall be deemed guilty of barratry, and shall upon conviction be punished by a fine in any sum not exceeding five hundred dollars, and may in addition thereto be imprisoned . . . and any attorney at law violating any of the provisions of this act shall, in addition to the penalty hereinbefore provided, forfeit his right to practice in this state, and shall have his license revoked and be disbarred in the manner provided by law for dishonorable conduct or malpractice, whether he has been convicted for violating the act or not."

This statute is not the same as the old common law definition of barratry, but defines the crime and makes certain acts criminal. From the earliest times, one of the penalties for this offense when committed by an attorney has been disbarment. Weeks, Attorneys (2d ed.), § 86; 3 Am. & Eng. Ency. Law (2d ed.), p. 681. This statute makes it unlawful for any attorney to personally solicit certain employment, or to employ others to solicit such employment for him. If we are correct in our conclusion that the privileges of an attorney may be surrounded with such reasonable restrictions as the legislature may prescribe, it necessarily follows that, when certain acts are made unlawful or criminal, an attorney may not lawfully commit such acts, and may not to that extent practice his profession; for this does not, as we have seen, take away from him any natural right guaranteed him by the constitution. We think the act is a legitimate exercise of legislative power.

Appellant urges that the court erred in not ordering a trial by jury. The statute provides a special proceeding in

this class of cases. Bal. Code, §§ 4776, 4777 (P. C. §§ 3198, 3199). The proceeding is in the nature of a civil action. *In re Waugh,* 32 Wash. 50, 72 Pac. 710; Weeks, Attorneys, § 83; 4 Cyc. 912. No jury was demanded, and none was required. In addition to the charges of barratry, which are admitted by the appellant, the court found, and the record shows, other grounds amply sufficient to sustain the judgment of the court disbarring the appellant. But we prefer to rest the decision of the case upon the validity of the statute defining barratry. The judgment was clearly right, and is therefore affirmed.

RUDKIN, C. J., CROW, DUNBAR, and FULLERTON, JJ., concur.