[No. 11643.  Department Two.  March 26, 1914.]

THE STATE OF WASHINGTON, *on the Relation of John F. Murphy, Prosecuting Attorney for King County, Appellant*, v. HERBERT E. SNOOK, *Respondent.*[1]

ATTORNEY AND CLIENT—DISBARMENT PROCEEDINGS—APPEAL—RIGHT OF STATE—STATUTES. Rem. & Bal. Code, § 139, authorizing appeals in disbarment proceedings, where the attorney is removed or suspended, does not limit the right of appeal and prevent appeals by the state, in view of the fact that such right of appeal had previously existed under the general act (Rem. & Bal. Code, § 1716) authorizing an appeal by any party aggrieved, from the final judgment in any action or proceeding; a disbarment being a "proceeding" in the nature of a civil action; especially as § 139 was an amendment constituting the only reference to appeals in disbarment proceedings and contained no repealing clause.

SAME—DISBARMENT PROCEEDINGS — CONDITIONS PRECEDENT — PRIOR CIVIL ACTION. A prior civil action by a party wronged by an attorney is not a prerequisite to disbarment proceedings in the name of the state, instituted by the prosecuting attorney, at the instance of the bar association; and it is error to dismiss the proceeding until a civil action is brought and tried.

Appeal from an order of the superior court for King county, Humphries, J., entered June 7, 1913, dismissing disbarment proceedings. Reversed.

*John C. Higgins* (*Hyman Zettler*, of counsel), for appellant.

*Hastings & Stedman, E. H. Guie,* and *Jay C. Allen,* for respondent.

PARKER, J.—This proceeding was instituted in the superior court by the prosecuting attorney for King county, as relator, at the instance of the Seattle bar association, seeking the disbarment of the defendant from practicing law in the courts of this state. The defendant stands charged with misconduct as an attorney in procuring certain property of his client, A. H. Tantow, and refusing to account

[1]Reported in 139 Pac. 764.

therefor. The cause came on for trial in the superior court on June 27, 1912, when, before any evidence upon the merits was presented, it appearing to the court that Tantow had not commenced any action in court looking to the recovery of his property from the defendant, an order was entered by the court continuing the further hearing of the case for thirty days, which order also contained the following:

"It is further ordered that if within thirty days from this date A. H. Tantow shall institute an action against respondent herein upon the matters set forth in this complaint in this action, then and in that event this action be further stayed until the determination of such suit or suits so instituted by the said A. H. Tantow; but in case the said Tantow should fail or neglect to so institute an action against the said Herbert E. Snook upon said matters, within the period of thirty days from this date, then and in that event this action be dismissed."

Thereafter, certain other orders, with which we are not here concerned, were made in the cause and sought to be reviewed in this court. *State ex rel. Murphy v. Superior Court,* 73 Wash. 507, 131 Pac. 1136. Thereafter, on June 7, 1913, the court entered an order dismissing the case, reciting therein, as grounds therefor, that no action had been commenced by Tantow to recover his property from the defendant. From this disposition of the case, the state has appealed to this court.

It is first contended by counsel for respondent that this appeal should be dismissed because the state does not have the right to appeal from a judgment rendered against it in a disbarment proceeding in the superior court. This contention is rested upon subdivision 6, Rem. & Bal. Code, § 139 (P. C. 25 § 39), relating to disbarment proceedings, which reads:

"In all cases where an attorney is removed or suspended by a superior court, the judgment or order of removal or suspension may be reviewed on appeal by the supreme court."

It is argued that this provision has the effect of limiting the right of appeal in such proceedings to a defendant against whom a judgment may be rendered therein. In the absence of any other statute giving to the state the right of appeal in such cases, this argument would seem to have some merit. It is also argued that, even though the general appeal statute would, in the absence of this special provision, give to the state the right of appeal in this case, this special provision has the effect of superseding the general appeal statute and becoming the whole law touching the right of appeal in disbarment proceedings. Let us notice the general appeal statute and the time of its enactment, as compared with the time of the enactment of this special provision relied upon by counsel for appellant. We think it will appear therefrom that our problem is reduced to this: Did the enactment of this special appeal provision in the disbarment statute repeal, by implication (plainly, it did not otherwise do so), the general appeal statute in so far as the latter gave the right of appeal to the state in disbarment proceedings?

In 1893, there was passed an act relating to appeals from superior courts to the supreme court, providing, among other things, as follows:

"Section 1. Any party aggrieved may appeal to the supreme court in the mode prescribed in this act from any or every of the following determinations, and no others, made by the superior court, or a judge thereof, in any action or proceeding:

"1. From the final judgment entered in any action or proceeding . . .

"6. From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action . . ." Laws of 1893, p. 119, § 1; Ballinger's Code, § 6500.

This appeal act was changed in some particulars by the amendatory act of 1901, but the above quoted portion

thereof has remained unchanged to the present time. Laws of 1901, p. 28, § 1; Rem. & Bal. Code, § 1716.

Our statute relating to disbarment proceedings contained no reference whatever to appeals therein from the superior to the supreme court prior to 1897. Code of 1881, §§ 8289, 8290 and 8291; 2 Hill's Code, §§ 104, 105 and 106. In 1897, the disbarment statute was amended in some respects, and, among others, by inserting therein for the first time the above quoted provision relating to defendant's right of appeal, which is here relied upon by counsel for respondent as depriving the state of the right of appeal. Laws of 1897, p. 9; Ballinger's Code, § 4775. The disbarment statute was further amended in 1909, but this provision has remained unchanged to the present time. Laws of 1909, p. 130, §1; Rem. & Bal. Code, § 139. Let us remember as we proceed that there has been no change brought about in the original general appeal act of 1893, except by amendment, and that the same is true of the disbarment statute found in the code of 1881; that is, there has been no new independent act touching either of these subjects.

It seems plain to us that the provision of the general statute above quoted, touching the right of appeal, is sufficiently comprehensive to give that right to the state in disbarment proceedings, in the absence of some subsequently enacted statute evidencing a legislative intent to withhold such right from the state. This is the effect of our decision in *State ex rel. Great Northern R. Co. v. Railroad Commission*, 60 Wash. 218, 110 Pac. 1075. We can conceive of no argument to be made against this view, except the possible one that the word "proceeding," as used in the general appeal statute, does not include a disbarment proceeding, upon the theory that it is criminal in its nature. Such a contention, however, has been answered in the negative by this court in *State ex rel. Mackintosh v. Rossman*, 53 Wash. 1, 101 Pac. 357, 21 L. R. A. (N. S.) 821, holding that "the proceeding is in the nature of a civil action." This is in harmony with the decided

weight of authority. The rule and the reason therefor is tersely stated by Justice Bradley, speaking for the supreme court of the United States in *Ex parte Wall,* 107 U. S. 265, 288, as follows:

"The proceeding is. in its nature civil, and collateral to any criminal prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them."

This view is similarly expressed in *Wernimont v. State ex rel. Little Rock .Bar Ass'n,* 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913 D. 1156. The only decision coming to our notice seeming to hold to the contrary is in *State v. Tunstall,* 51 Tex. 81, which decision seems to be rested upon the theory that disbarment proceedings are, in their nature, criminal. Some remarks in that decision, however, indicate that there are statutory and constitutional provisions in force in Texas controlling the question. We have no evidence of legislative intent to withhold from the state its right of appeal as given by the general appeal statute, other than the absence of specific mention of such right in the amendment of 1897 to the disbarment statute, in connection with the special mention therein of a defendant's right of appeal, which amendment contains no repealing clause. In order, therefore, to hold this amendment to the disbarment statute as repealing the general appeal statute, in so far as the latter gives the right of appeal to the state, we would be required to so hold because such effect was brought about by implication. It may not be easy to see the reason for the legislature specifically providing, in the amendment of 1897 to the disbarment statute, for an appeal by a defendant in such a proceeding, when both the state and such defendant then already had such right under the general appeal statute. However, having in mind that this appeal provision came into the disbarment statute of 1897 by way of amendment thereto, with other amendments and not by way of an original act upon the

subject of disbarment; that the amendatory act of 1897 contains no repealing clause; that repeals by implication are not favored; *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91; *State ex rel. Pasco v. Superior Court*, 49 Wash. 268, 94 Pac. 1086; *Suell v. Jones*, 49 Wash. 582, 96 Pac. 4; 36 Cyc. 1071; that a liberal policy towards the right of appeal is evidenced by § 4, art. 4 of our constitution, as noticed by us in *State ex rel. Great Northern R. Co. v. Railroad Commission*, 60 Wash. 218, 110 Pac. 1075, we conclude that the absence of an express provision in the disbarment statute, as amended, touching the state's right of appeal, in connection with the express provision therein touching the defendant's right of appeal, does not give rise to an inference of sufficient strength to take from the state its right of appeal so plainly given by the general appeal statute.

Counsel for appellant contends that the court erred in refusing to proceed with the trial upon the merits, and in dismissing the case upon the ground that Tantow had not commenced any action in court to recover his property from respondent. There are decisions which seem to hold that disbarment proceedings instituted by a private individual who has a remedy for his alleged grievance by civil action will not be entertained before he seeks redress by such an action. The supreme court of California in *In re Danford*, 157 Cal. 425, 108 Pac. 322, referring to such rule noticed in former decisions of that court, said: "At any rate, it was limited to cases in which the accusation was without the sanction of a bar association or of some responsible public officer." This proceeding, as we have noticed, has the sanction of the Seattle bar association and is prosecuted by the prosecuting attorney of King county. It is, both in form and substance, a proceeding in which the state is the plaintiff. In such a proceeding, the weight of authority is to the effect that a prior civil action or criminal proceeding, looking to the redressing of the injured person's wrongs or the

punishment of the attorney against whom the charges are made, is unnecessary as a condition precedent to the prosecution of disbarment proceedings against such attorney; the theory of the decisions being that disbarment proceedings are not for the purpose of redressing the wrongs of the injured person, nor for the purpose of punishing the delinquent attorney. In the following cases the want of conviction upon criminal charges was involved, and such fact held to have no effect upon the disbarment proceedings prosecuted in behalf of the public: *Davis v. State*, 92 Tenn. 634, 23 S. W. 59; *State v. Winton*, 11 Ore. 456, 5 Pac. 337, 50 Am. Rep. 486; *State ex rel. Fowler v. Finley*, 30 Fla. 302, 11 South. 500; *State ex rel. Hartman v. Cadwell*, 16 Mont. 119, 40 Pac. 176.

The supreme court of Colorado holds that even an acquittal in a criminal case does not prevent disbarment proceedings against an attorney so acquitted, in *People ex rel. Colorado Bar Ass'n v. Mead*, 29 Colo. 344, 68 Pac. 241, and *People ex rel. Colorado Bar Ass'n v. Thomas*, 36 Colo. 126, 91 Pac. 36. In *In re Wellcome*, 23 Mont. 213, 58 Pac. 47, a refusal of a grand jury to indict an attorney upon an investigation had as to his conduct was held not to prevent disbarment proceedings thereafter instituted against him. In *In the Matter of ........, Attorney*, 86 N. Y. 563, it was held that a pardon of an attorney after a conviction in a criminal proceeding did not prevent his prosecution in disbarment proceedings. In the following cases, a voluntary settlement made between the delinquent attorney and his client, touching a matter involving the attorney's professional conduct, was held to be no defense to disbarment proceedings. *People ex rel. v. Chamberlain*, 242 Ill. 260, 89 N. E. 994; *In re Davies*, 93 Pa. St. 116, 39 Am. Rep. 729; *In re Rockmore*, 130 App. Div. 586, 117 N. Y. Supp. 512.

There is a possible exception under our disbarment statute to the conclusion these decisions seem to reach, in that

"conviction of a felony or misdemeanor involving moral turpitude" is made a cause for disbarment, and, of course, where disbarment is sought upon the ground of such conviction, there would necessarily have to be proof of such conviction. However, we are not called upon to deal with that particular question here. No such charge is made against respondent. We are of the opinion that the trial court erred in declining to try the case upon the merits and in the dismissal thereof, in so far as its decision was rested upon the ground that Tantow had not commenced any action looking to the recovery of his property from the defendant.

We do not desire to be understood as holding that a superior court might not, in the exercise of its discretion, continue the trial of a disbarment proceeding upon the merits for a reasonable time, pending the disposition of a civil or criminal action against the defendant involving substantially the same questions as in the disbarment proceedings; but we have no such case here, since there was no civil or criminal action pending involving the issues in the disbarment proceeding.

Some contention is made by counsel for respondent that the disposition of the case by the trial court should, in any event, be affirmed by this court, upon the ground that the allegations made against respondent, together with the opening statement of counsel made in the trial court at the time of the dismissal of the proceedings, show the disposition of the proceeding by the trial court to be correct. We cannot agree with this contention. It seems plain to us that the charges made against respondent, upon their face, state good cause for his disbarment; and the opening statement made by counsel for the state in the trial court at the time of the dismissal was not such as to show want of cause for disbarment. It is manifest that the superior court entertained this view, and rested its disposition of the case en-

tirely upon the ground stated in the order of dismissal. We think this contention does not call for serious discussion.

The order of dismissal made by the trial court is reversed, and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.