[No. 13887.  Department Two.  March 7, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Lewis County Bar Association et al., Respondents,* v. J. E. WILLIS, *Appellant.*[1]

ATTORNEY AND CLIENT—DISBARMENT PROCEEDING—NOTICE—SUFFICIENCY. A disbarment proceeding, while in the nature of a civil action, is not one in the strict sense requiring service of a twenty-day summons, in view of Rem. Code, § 140, providing that the same may be taken on the court's own motion or upon the information of another; and there is no lack of jurisdiction for want of notice where the party had ample time to "appear and make his defense" as provided in such section.

SAME—DISBARMENT—GROUNDS—RESPECT DUE COURT. An attorney is subject to suspension for violating his oath of office and failing to maintain respect for the court, under Rem. Code, §§ 129 and 139, where he published and circulated a pamphlet entitled the "crimes and misdemeanors" of the superior court judge, containing accusation of crimes and official misconduct which were known to be false and unfounded.

Appeal from a judgment of the superior court for Lewis county, Sullivan, J., entered July 14, 1916, after a trial on the merits before the court without a jury, suspending the defendant from the practice of law.   Affirmed.

*J. E. Willis, pro se.*

*C. H. Forney, C. D. Cunningham,* and *J. R. Buxton,* for respondents.

PARKER, J.—This proceeding was commenced in the superior court for Lewis county by a committee of the Lewis County Bar Association, against the defendant, J. E. Willis, a duly admitted attorney of the courts of this state, seeking his disbarment.   A trial upon the merits resulted in findings and judgment against him, rendered on July 5, 1916, that he be "suspended from all his rights and privileges as an attorney and counselor at law in the state of Washington for

[1]Reported in 163 Pac. 737.

the period of one year from the date hereof." From this disposition of the cause, the defendant has appealed to this court.

It is first contended by appellant that the trial court did not acquire jurisdiction in the proceedings because of want of proper process, in that the only process was an order to show cause, issued by the court and served upon appellant April 19, 1916, requiring him to appear and answer the charges on May 1, 1916, thus giving him only eleven days to appear and answer. This contention was timely made in the trial court by appropriate motion. Appellant argues that this is a civil action, and that, therefore, the trial court could acquire jurisdiction therein only by the issuance and service of a summons giving him twenty days to appear and answer, as in other civil actions. Our statutes are silent upon the question of process and time for appearance and answer in disbarment proceedings. We have only the following statutory provision touching this question:

"The proceedings to remove or suspend an attorney and counselor, as provided in the last section, must be taken by the court of its own motion for matter within its knowledge, or may be taken upon the information of another, and in either case the party shall have the privilege of making his defense." Rem. Code, § 140.

It is true, we have held that a disbarment proceeding is "in the nature of a civil action." *State ex rel. Mackintosh v. Rossman,* 53 Wash. 1, 101 Pac. 357, 21 L. R. A. (N. S.) 821; *State ex rel. Murphy v. Snook,* 78 Wash. 671, 139 Pac. 764, but we are of the opinion it is not a civil action in the strict sense that the issuance and service of a twenty-day summons as required in civil actions is necessary to the giving of the court jurisdiction in the proceeding. Of course, the trial court might so abuse its discretion in curtailing an accused attorney's "privilege of making his defense" as to constitute such error that he would be entitled to relief at the hands of this court. But that, we think, would not amount to a want of jurisdiction of the trial court in the proceeding,

since we have no statute regulating the process by which the court may acquire jurisdiction of the person of the defendant or as to the time for appearance and answer by the defendant; and that the court could adopt any method of notice which would fairly apprise appellant of the charges against him and give him a fair opportunity to defend, which its sound discretion might dictate. *In re Durant*, 80 Conn. 140, 67 Atl. 497; *Randall v. Brigham*, 74 U. S. 523; 2 R. C. L. 1103. There is no contention here made but that appellant did in fact have ample opportunity to make preparation for his defense. Indeed, no such contention could be made with any show of reason, in view of the fact that the actual trial of the case occurred over two months after the filing of the charges and the service of the order to show cause upon him. We are quite clear that the trial court was not without jurisdiction over the person of the defendant and that it afforded him ample time to prepare and make his defense.

The principal contentions made by appellant have to do with the merits of the controversy in that they are directed against the trial court's findings. Among the charges made against appellant was that he published and circulated in Lewis county and elsewhere a pamphlet concerning Honorable Alonzo E. Rice, judge of the superior court for Lewis county, accusing him of a number of misdeeds as being committed in his official capacity, which pamphlet appellant entitled as follows:

THE CRIMES AND
MISDEMEANORS
of
HON. ALONZO E. RICE
Grand and Petit Larceny
Malfeasance and Graft
His Court a "School for Scandal"
On the Authority of His deeds Herein Related and
Explained
Read Every Word of This Pamphlet
by
J. E. WILLIS
1064 Chehalis Ave., Chehalis, Wash.

That this pamphlet was published and circulated in Lewis county and elsewhere is not denied by appellant. Referring to its contents, the trial court found, among other things, as follows:

"That in said pamphlet A. E. Rice, judge of the superior court, of Lewis county, was accused of various crimes and misdemeanors, among others that he deliberately attempted to wrong infants; that he entered into a conspiracy with the board of county commissioners to allow them unlawful gains and profits and insinuated that said judge participated therein and was corrupt; . . . that all of said charges were untrue and the respondent had no just ground for belief of the truth thereof, and no just cause for making said charges."

It is plain from the record before us that these accusations so found to have been made by appellant against Judge Rice had reference to his official acts. Without noticing in detail the contents of the pamphlet, which contained twenty-eight pages of closely printed matter of the nature indicated by the title above quoted which appellant gave to the pamphlet, and without noticing in detail the evidence given upon the trial, we deem it sufficient to say that we have painstakingly reviewed both the pamphlet and the evidence and are convinced therefrom that the learned trial judge was fully warranted in making the findings above quoted. We deem it unnecessary for present purposes to notice other facts which might lend support to the judgment.

In § 129 of Rem. Code, relating to the duties of attorneys and counselors, we read:

"It shall be the duty of an attorney and counselor . . . (2) To maintain the respect due the courts of justice and judicial officers; . . ."

And in § 139, relating to the removal and suspension of attorneys, we read:

"An attorney and counselor may be removed or suspended by any court of record of the state, for either of the following causes, arising after his admission to practice: . . .

(2) . . . any violation of the oath taken by him, or of his duties as such attorney and counselor. . . ."

It hardly needs argument, we think, to demonstrate that the facts found by the trial court fully warrant the conclusion that appellant violated his duty as an attorney and counselor such as to render him subject to suspension. Indeed, the authorities, even in the absence of our statutory provisions above quoted, would seem to lead to the same conclusion: *In re Breen*, 30 Nev. 164, 93 Pac. 997, 17 L. R. A. (N. S.) 572; *State Board of Law Examiners v. Hart*, 104 Minn. 88, 116 N. W. 212, 17 L. R. A. (N. S.) 585; *State Bar Commission ex rel. Sullivan v. Sullivan*, 35 Okl. 745, 131 Pac. 703, L. R. A. 1915D 1218; 6 C. J. 594.

Our own decisions in *In re Lambuth*, 18 Wash. 478, 51 Pac. 1071, and *In re Robinson*, 48 Wash. 153, 92 Pac. 929, 15 L. R. A. (N. S.) 525, lend support to this conclusion, though in those cases there was involved only disrespect expressed towards the court by attorneys in a proceeding while pending in the court. Plainly appellant violated his duty "to maintain the respect due to the courts of justice and judicial officers." The case was tried in the superior court by Judge Sullivan, of Spokane county, as a visiting judge, who, the record convinces us, exercised the highest degree of fairness and patience towards appellant in the conduct of the trial. We are quite clear that appellant was awarded every right he was entitled to and that the learned trial judge reached a correct conclusion.

The judgment is affirmed.

Ellis, C. J., Mount, Holcomb, and Fullerton, JJ., concur.