[No. C. D. 501.    *En Banc.*    January 9, 1925.]

*In the Matter of the Proceedings for the Disbarment of* EDWARD M. COMYNS.[1]

ATTORNEY AND CLIENT (7-1)—DISBARMENT—GROUNDS—CONVICTION OF CRIME—STATUTES—CONSTRUCTION. The disbarment of an attorney upon conviction of a felony or misdemeanor involving moral turpitude, under Rem. Comp. Stat., § 139-14, is sustained on proof of a conviction of the violation of the Federal statute against using the mails for obtaining money under false pretenses; in view of Rem. Comp. Stat., § 2601, making it larceny to obtain property by any fraudulent or false representation or pretense, and Id., § 2264, making it an offense to attempt to commit a crime.

Proceedings filed in the supreme court May 10, 1922, for the disbarment of an attorney, upon findings of the state board of law examiners against the accused. Judgment of disbarment.

*Carkeek, McDonald, Harris & Coryell,* for accused.

*The Attorney General* and *R. G. Sharpe, Assistant,* for the state.

[1]Reported in 232 Pac. 269.

PEMBERTON, J.—The state board of bar examiners recommend the disbarment of respondent under the following provision of the law:

"An attorney or counselor may be disbarred or suspended for any of the following causes arising after his admission to practice: 1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence . . ." Rem. Comp. Stat., § 139-14 [P. C. § 166].

The sole ground relied upon for the disbarment is a certified transcript of the record in the district court of the United States for the western district of Washington showing that Edward M. Comyns has been convicted in that court of having violated §§ 37 and 215 of the penal code of the United States, as follows: .

Sec. 215. "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fradulent pretenses, representations, or promises, . . . shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter, postal card, package, writing, circular, pamphlet, or advertisement . . . in any post-office . . . or letter box . . . to be sent or delivered by the post-office establishment of the United States, . . . shall be fined not more than one thousand dollars, or imprisoned not more than five years, or both." 7 Fed. Stats. Ann. (2d ed.), 812.

Sec. 37. "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years or both." 7 Fed. Stats. Ann. (2d ed.), 534.

The conviction in the United States court was appealed to the circuit court of appeals, ninth circuit, and

the facts are more particularly therein set forth. *Byron v. United States,* 273 Fed. 769.

It is claimed by respondent that the crime of which he was convicted does not constitute either a felony or a misdemeanor under the statutes of this state, and therefore the record of his conviction in the United States court is not sufficient evidence to justify the board in disbarring him from the practice of law. Respondent contends that the legislature, in using the words "felony" or "misdemeanor" involving moral turpitude, meant only an offense that is a felony or misdemeanor under the statute of this state, and not a felony or misdemeanor as defined by the laws of a sister state or by the laws of the United States. Our attention has been called to the following cases supporting the theory of respondent. *State ex rel. Grievance Committee v. Biggs,* 52 Ore. 433, 97 Pac. 713; *In re Ebbs,* 150 N. C. 44, 63 S. E. 190. In these cases the offense constituting the crime was not a crime under the statute of the state in which the disbarment proceedings were pending. Respondent in this case was charged with using the mails of the United States for the purpose of obtaining property under false pretenses. The law of this state makes it a felony to obtain the property of another under a fraudulent or false representation, as follows:

"Every person who, with intent to deprive or defraud the owner thereof—   .   .   .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, .   .   .   by color or aid of any fraudulent or false representation, personation or pretense   .   .   .

"Steals such property and shall be guilty of larceny." Rem. Comp. Stat., § 2601 [P. C. § 8944].

Section 2264, Rem. Comp. Stat. [P. C. § 8699], also provides that an act done with intent to commit a crime, tending but failing to accomplish it, is an at-

tempt to commit that crime, and every person guilty of such attempt shall be punished by imprisonment in such manner as may be prescribed for the commission of the completed offense, for not more than one-half the longest term, or by fine of not more than one-half the largest sum, prescribed for conviction of the commission of the offense attempted.

The offense of which respondent was convicted is one made criminal under the laws of this state. The reading of the charges in *Byron v. United States, supra,* is sufficient to convince us that the offense of which respondent was convicted involved moral turpitude under the usual definition of that term, as follows: "Everything done contrary to justice, honesty, modesty, or good morals is said to be done with turpitude," or "doing a thing against good morals, honesty or justice." *In re Hopkins,* 54 Wash. 569, 103 Pac. 805.

The recommendation of the state board of bar examiners that respondent be disbarred is approved and respondent disbarred.

MAIN, C. J., FULLERTON, PARKER, BRIDGES, MACKINTOSH, and TOLMAN, JJ., concur.

MITCHELL, J., concurs in the result.