[No. C. D. 3192.   *En Banc.*   October 14, 1948.]

*In the Matter of the Proceedings for the Disbarment of* FRANK W. BIXBY, *an Attorney at Law.*[1]

*Nelson R. Anderson,* for board of governors.

ROBINSON, J.—Chapter 126, Laws of 1921, § 14, p. 414 (now codified as Rem. Rev. Stat., § 139-14 [P.P.C. § 273-43]), provides, in part, as follows:

"An attorney or counselor may be disbarred or suspended for any of the following causes arising after his admission to practice: 1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence. . . . 6. For the commission of any act involving moral turpitude, dishonesty or corruption, whether the same be committed in the course of his relations as an attorney or counselor at law, or otherwise, and whether the same constitute a felony or misdemeanor or not; and if the act constitute a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disbarment or suspension from practice thereof."

In § 8, p. 400, of chapter 94, Laws of 1933 (Rem. Rev. Stat. (Sup.), § 138-8 [P.P.C. § 273-15]), creating the Washington

[1] Reported in 198 P. (2d) 672.

state bar, the board of governors thereof was given the power

"   .   .   .   to investigate, prosecute and hear all causes involving discipline, disbarment, suspension or reinstatement, and make recommendations thereon to the supreme court; .   .   ."

On May 20, 1948, the board of governors of the state bar association, by its attorney, filed in this court the following motion:

"Motion for Disbarment

"Comes now Nelson R. Anderson, as Counsel for the Washington State Bar Association, and moves the Board of Governors of the Washington State Bar Association that the application or request of Frank W. Bixby to have his name stricken from the roster of attorneys or resign from the Washington State Bar Association as a practicing attorney in the State of Washington, be denied;

"That said Frank W. Bixby be found guilty of having been convicted of the crime of subornation of perjury, a felony involving moral turpitude and that he be disbarred.

"This Motion is based upon the Complaint and Answer herein and the files and records in this matter and upon the Judgment and Sentence of the Superior Court of the State of Washington for Whatcom County, entered on the 27th day of April, 1945, and upon the appeal affirmed by the Supreme Court of the State of Washington, 27 Washington Decisions (2), page 144.

"Board of Governors
"Washington State Bar Association
"By Nelson R. Anderson [Signed]
NELSON R. ANDERSON, Attorney
for Board of Governors"

On the same date, the board of governors filed, in support of the above motion, their report and recommendation, as follows:

"Comes now the Board of Governors of the Washington State Bar Association and reports and recommends to the Supreme Court of the State of Washington:

"(1) That Frank W. Bixby was admitted to practice law in the State of Washington in 1903 and that ever since and until about April 1, 1945, he has continued actively to practice law with his offices in Bellingham, Washington.

"(2) That on or about May 10, 1945, a Notice and Com-

plaint were filed and served upon Frank W. Bixby, attorney at law; that the complaint charged Mr. Bixby with violation of his oath as an attorney and of the ethics of the profession in this: that he was found guilty of the crime of suborned perjury by verdict of the jury, that judgment and sentence was pronounced on April 27, 1945, and that he was sentenced to the penitentiary for a term of not more than fifteen years.

"(3) That on or about May 18, 1945, Mr. Bixby served an Answer, generally denying the Complaint and further stating he had not been engaged in the practice of the law since April 7, 1945, and that he would refrain from the practice of the law unless his conviction were reversed on appeal and the Association approved of his restoration to membership by action of the Supreme Court and prayed that further action be delayed until a ruling by the Supreme Court and that if his appeal was affirmed that the Board take such action as it deemed fitting and proper.

"(4) That Mr. Bixby appealed said Judgment and Sentence to the Supreme Court of the State of Washington, which affirmed the Judgment. State of Washington vs. Frank W. Bixby, 27 Washington (2nd) 144. Thereafter his Petition for Re-Hearing was denied.

"(5) That on April 7, 1948, a motion was made on behalf of the Board of Governors that the application or request of Mr. Bixby to have his name stricken from the roster of attorneys or resign from the Association be denied; and that he be disbarred by reason of his conviction of the crime of subornation of perjury. A Notice of Hearing on said motion was mailed on April 7, 1948, to R. W. Greene, Attorney for Frank W. Bixby, calling said motion for hearing before the Board of Governors sitting in the Chamber of Commerce Building, Yakima, Washington, on April 16, 1948, and further notifying him that, if he had any objections to the motion, he should submit his objections in writing to the said Board on or before April 16, 1948.

"(6) That Mr. Bixby did not appear in person or by an attorney at said hearing and did not file any objections to the motion which was heard summarily as provided by Rule XIX of the Rules for Discipline of Attorneys, found in the Manual of the Washington State Bar Association.

"(7) That the Board of Governors unanimously voted that Mr. Bixby's application or request that his name be stricken from the roster of attorneys of the Association or that he resign from the Association should be denied and unanimously voted that he should be disbarred and that

recommendation accordingly should be made to the Supreme Court of the State of Washington, because he had been convicted of subornation of perjury which is a crime involving moral turpitude and, by reason thereof, the Board believes that his continuance as an attorney at law would be detrimental to the integrity and standing of the bar and the administration of justice in this State.

"WHEREFORE, the Board of Governors of the Washington State Bar Association, after full consideration of the files and records, unanimously recommends that Mr. Bixby be disbarred and herewith transmits its files and records pertaining thereto including the Complaint, Notice of Hearing thereon. Motion for Disbarment, Notice of Hearing thereon, letter of April 8, 1948, by R. W. Greene, acknowledging receipt of Counsel's letter of April 6, letter of R. W. Greene dated March 31, 1947, certified copies of information, judgment and sentence. Reference is made to the opinion of the Court in State of Washington vs. Frank W. Bixby, 27 Washington (2nd) 144. Respectfully submitted,

"Board of Governors
"Washington State Bar Association
"By Richard S. Munter [Signed]
RICHARD S. MUNTER, President."

In due course, the motion was set for hearing on September 27, 1948. Mr. Bixby was given notice of the date of hearing but did not appear in person or by attorney. We have no doubt as to the authenticity of the recitals of fact made in the above-quoted report and recommendation; for we have direct knowledge of the fact that Mr. Bixby was convicted of subornation of perjury, since the case in which his conviction was had was appealed to this court, and the conviction affirmed, in *State v. Bixby*, 27 Wn. (2d) 144, 177 P. (2d) 689.

There can be no doubt that subornation of perjury is a crime involving moral turpitude. This court defined moral turpitude in *In re Hopkins*, 54 Wash. 569, 103 Pac. 805. The definition therein made was cited and applied in the later opinion in *In re Comyns*, 132 Wash. 391, 232 Pac. 269.

From what has been above said, it is clear that Mr. Bixby is subject to disbarment. The only question for our decision is: Shall he be disbarred? We take note of the

facts that he has reached an advanced age, and that he has practiced at this bar for forty-five years. While these facts excite compassion for him, they do not excuse his dereliction. On the contrary, they emphasize it. It was said by this court, in disbarring an attorney in *In re Mills,* 104 Wash. 278, 299, 176 Pac. 556:

"Mr. Mills is a man of mature years, with a long experience as a practicing attorney. Youth, inexperience, sudden temptation, and like excuses do not apply, as he himself has said. And, upon the evidence, it becomes our duty to direct that he be permanently disbarred and his name stricken from the rolls.

"It is so ordered."

We do not know of any former case in this court in which the court has refused to disbar an attorney who has been convicted of a crime or of acts involving moral turpitude. Among the cases where disbarment has been ordered are the following: *State ex rel. Mackintosh v. Rossman* (1909), 53 Wash. 1, 101 Pac. 357, 21 L. R. A. (N.S.) 821; *In re Hopkins* (1909), 54 Wash. 569, 103 Pac. 805; *In re Mills* (1918), 104 Wash. 278, 176 Pac. 556; *In re Wells* (1922), 121 Wash. 68, 208 Pac. 25; *In re Comyns* (1925), 132 Wash. 391, 232 Pac. 269; *In re Sellers* (1927), 142 Wash. 562, 253 Pac. 1119; *In re Finch* (1930), 156 Wash. 609, 287 Pac. 677; *In re Madigan* (1931), 163 Wash. 151, 300 Pac. 1119. A number of later cases of the same character could be cited, but we will not list them here since to do so would unnecessarily embarrass a number of lawyers there involved, who have since been reinstated and are now actively engaged in practice.

The motion of the board of governors that Frank W. Bixby be disbarred from the practice of law should be, and it is, approved. It is, therefore, ordered that Mr. Bixby be, and he is, hereby permanently disbarred from the practice of law in this state. When this opinion becomes final, the clerk will strike his name from the rolls.

It is so ordered.

MALLERY, C. J., BEALS, STEINERT, SIMPSON, JEFFERS, SCHWELLENBACH, and HILL, JJ., concur.