[No. 4784.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION
v. WM. J. THOMAS.

**Attorneys at Law—Disbarment—Embracery—Demurrer.**

Where an information in disbarment proceedings charges the respondent with the crime of embracery, an answer setting up his acquittal upon a criminal charge based upon the same facts is not a defense to the proceeding for disbarment, and a demurrer to such answer will be sustained.—P. 127.

Original proceeding in disbarment on the relation of the Colorado Bar Association against William J. Thomas. Demurrer to information.

Decision *en banc.*          *Demurrer sustained.*

Mr. L. F. Twitchell, for petitioner.

Mr. Thomas Ward, Jr., Mr. A. M. Stevenson and Mr. Milton Smith, for respondents.

Mr. Justice Gunter delivered the opinion of the court:

The information herein charges respondent with the crime of embracery. The answer denies the allegations of the information, and sets up two affirmative defenses, each entitled "further and separate answer." The one of these affirmative defenses alleges that respondent was proceeded against in a criminal action for the same crime as that charged in the information, embracery, and acquitted thereof. The other sets up a proceeding for contempt, and an acquittal thereof.

A general demurrer presents the question of the sufficiency of these two defenses.

It is contended by counsel that the same principle obtains as to both defenses, that is, if the acquittal in the criminal proceeding is not a complete defense to this action for disbarment, then the acquittal in the action for contempt is likewise not a defense.

That the acquittal upon the criminal charge is not a defense to a proceeding for disbarment, based upon the same facts, is *stare decisis* in this jurisdiction.—*People v. Mead,* 29 Colo. 348; *People v. Weeber,* 26 Colo. 229.

Other authorities to the same effect are: In the matter of an attorney, 86 N. Y. 563; *In re Wellcome,* 23 Montana 213.

*Demurrer sustained.*

Decision *en banc.*