## In re PLATZ.

No. 2400.   Decided April 28, 1913 (132 Pac. 390.)

1. ATTORNEY AND CLIENT—DISBARMENT. Since the purpose of disbarring an attorney for lack of integrity is to protect the public and not to punish the attorney, it cannot be claimed that an attorney convicted of want of honesty and integrity should be suspended rather than disbarred. (Page 441.)

2. ATTORNEY AND CLIENT—DISBARMENT—DEFENSE. The fact that there are other attorneys practicing at the bar whose conduct is also reprehensible is not a defense to a disbarment proceeding for dishonest conduct. (Page 442.)

3. ATTORNEY AND CLIENT—DISBARMENT—EVIDENCE. Acts done by an attorney before being admitted to the bar although not directly connected with his practice, but which tend to show a lack of integrity, are nevertheless material and relevant in disbarment proceedings, if offered in connection with acts of such attorney affecting his integrity occurring after his admission to practice. (Page 442.)

4. ATTORNEY AND CLIENT—DISBARMENT—GROUNDS. The mere fact that an attorney has been charged with crime is not of itself ground for disbarment, if it does not impair his integrity, etc.; but if it does the courts need not disregard such charge because the jury did not convict him. (Page 443.)

5. ATTORNEY AND CLIENT—GROUNDS OF DISBARMENT—LEGISLATIVE RESTRAINTS. The legislature cannot limit the courts in their right to determine the moral qualifications of attorneys or prevent them from refusing to admit morally unfit persons to the practice of the law. (Page 444.)

In the matter of the disbarment of Arthur A. Platz.

JUDGMENT OF DISBARMENT.

*W. D. Riter, E. A. Walton* and *Bismark Snyder,* Grievance Committee of State Bar Association, for petitioners.

*Arthur A. Platz,* in *pro. per.*

FRICK, J.

On the 11th day of October, 1910, one Arthur A. Platz, who hereinafter will be designated respondent, upon presentation of a certificate of admission from the Court of Appeals of Maryland, was duly admitted to practice in this court as an attorney and counselor at law. On July 22, 1912, the grievance committee of the State Bar Association filed specific charges against respondent in which said committee set forth that he, upon moral grounds, was an unfit, unsafe, and improper person to be permitted to be intrusted with the powers of an attorney at law, and hence asked that he be disbarred. A citation was duly issued and served on respondent, and on the 7th day of October, 1912, he filed his answer in which he either denied or attempted to explain said charges. On the 15th day of said month the matter was, by this court, referred to Charles Baldwin, Esq., with directions to hear the testimony and to report findings of fact and conclusions of law. On January 25, 1913, the testimony taken at the hearing and the findings and conclusions of the referee were duly returned to and filed in this court. We shall not set

forth the charges preferred, nor the evidence adduced in their support. Neither shall we set forth the findings of fact. We refrain from doing so in this case for the reason that no one could be benefited by setting them forth; neither can anyone be injured by withholding them from publication in this opinion, since the charges, together with all the evidence and the findings as well, are and will remain on file in this court. The referee made the following conclusion of law:

"From the facts found by the referee it is concluded that the said Arthur A. Platz has violated his oath and his duties as an attorney and is morally unfit to be a member of the bar of this court and should be permanently disbarred therefrom."

At the hearing in this court the respondent, in form, excepted to the findings of fact; but his objections in fact were all directed to the foregoing conclusion of law.

We have very carefully read and considered all of the evidence adduced, both in support of and against the charges, and we are firmly convinced that both the findings of fact and conclusions of law based thereon are not only supported by the evidence, but are established beyond a reasonable doubt. In our judgment the evidence, which is contained in more than 300 typewritten legal cap pages, leaves no room for doubt that the respondent's acts and conduct were such as make him morally an unfit, unsafe, and improper person to be intrusted with the powers of an attorney at law, and hence he should be disbarred. In arriving at this conclusion we are not unmindful of respondent's argument advanced at the hearing that merely to suspend him would be sufficient punishment. This contention entirely ignores the real purpose of disbarment proceedings. In such proceedings, where the specifications, as in this case, directly charge the attorney with acts and conduct which clearly are to the effect that he does not possess the necessary attributes of honesty, integrity, and fidelity to entitle him to continue to practice his profession, the purpose of disbarring him from following the vocation of an attorney

at law is not to punish him, but it is to protect "the public from prejudice by removing grossly improper persons from participation in the administration of the law." (*Ex parte Wall*, 107 U. S. 288, 2 Sup. Ct. 589, 27 L. Ed. 552.) In such cases courts have no right, out of mere sympathy, to shut their eyes to gross moral delinquencies and merely suspend the offender for a short time, after which he may again practice his natural propensities upon an innocent and confiding public. Under such circumstances, it is the duty of the courts to at once remove the offender from the roll of honor and to protect the public as far as possible from being exposed to his natural propensities. To do otherwise would be to condone the wrong and lower the standard of professional integrity, honesty, and fidelity, which we have neither the right nor the disposition to do.

Nor is respondent's assertion relevant that there are some others practicing at this bar whose conduct is reprehensible. We cannot only pass upon such cases when they are brought to our attention in the proper manner. Whenever it is made to appear in this court, as has been done in this case, that an attorney at law, who is an officer of this court, is lacking in honesty, integrity, and fidelity to such an extent that he should no longer receive the confidence of the court and the public, his name will promptly be stricken from the roll.

At the hearing before the referee it was also shown that some of the acts charged against respondent occurred during the month of August or September immediately preceding the month of October when he was admitted to practice in this court. The referee refused to make findings upon these charges because the acts occurred before respondent was admitted to practice in this court, and further because they were not done in his professional capacity. The grievance committee asks us to pass upon the referee's ruling in this regard. Upon the question of whether an attorney at law may be suspended or disbarred from practicing for acts which are outside of or are not connected with his profession the courts are somewhat at variance.

The great weight of authority, however, is to the effect that although the acts shown in evidence occurred before the accused was permitted to practice, or are not directly connected with his practice as an attorney at law, yet, if the acts and conduct in question directly show such a lack of honesty, integrity, and fidelity as to clearly indicate that the accused is an unsafe, unfit, and improper person to be intrusted with the powers of an attorney at law, the evidence of such acts and conduct is material and relevant and may, under certain circumstances, and in connection with acts shown to have been done after admission, be sufficient to require disbarment. Without citing the cases upon this point, we refer the reader to 4 Cyc. 906, 907, where the cases, both American and English, are collated.

The foregoing statement seems to us to be good law as well as good sense. All such acts and conduct would, of course, be relevant and material upon an application for admission to the bar. If they are relevant upon such an application, why are they not likewise so upon a disbarment proceeding if offered in connection with similar acts and conduct occurring after admission when all of the acts and conduct which are sought to be shown are limited to a reasonably recent date and directly tend to establish a lack of integrity, honesty, and fidelity on the part of the accused? Of course, no hard and fast rule can be laid down in advance in this regard; but each case must be determined in accordance with its own circumstances and conditions.

By what is said above we do not hold that the mere fact that an attorney may be charged with a crime or an offense is sufficient to disbar him. The offense charged against him may not be true. Again, it may not relate to or impair his qualifications for honesty, integrity, and fidelity. If it does impair these, the courts are not bound to disregard the matter simply because a jury may not have convicted him or the charges may have been dismissed.

Nor can the legislature limit the courts in their right to

determine the moral qualifications of their officers or prevent them from refusing to admit morally incompetent persons to practice, nor compel them to retain such upon the roll. If such were the law, then the verdicts of juries or the notions of prosecutors or legislators, and not the deliberate judgments of the courts, would control in such matters. The courts, and not juries or legislators, must ultimately determine the qualifications and fitness of their officers.

We hold, therefore, that in this case the evidence relating to the acts which occurred during the month of August or September, 1910, was of that character which tended to show that respondent lacked the necessary honesty, integrity, and fidelity to make him a safe and proper person to be intrusted with the powers of an attorney at law, and therefore the evidence was relevant and material, and the referee should have made findings thereon.

In conclusion, we desire to express our thanks to Messrs. Riter, Snyder, and Walton for their aid and assistance to this court in this matter. We also desire to extend our thanks to the referee for his able and full report of the evidence and findings of fact and conclusions of law, which findings of fact and conclusions of law, except as stated above, are hereby adopted and approved.

It is therefore ordered and adjudged that the respondent, Arthur A. Platz, be, and he hereby is, permanently disbarred from practicing in the courts of record of this State. It is further ordered that his certificate of admission be, and the same hereby is, revoked and canceled, and the clerk of this court is directed to erase his name from the roll of attorneys of this court.

McCARTY, C. J., concurs.

STRAUP, J.

I approve the findings and conclusions of the referee and on that ground concur in the judgment of disbarment.