STATE OF IOWA, Appellee, v. C. R. METCALF, Appellant.

**HOMICIDE:** Nonduty to Retreat. A person unlawfully assaulted in his own house is under no obligation to retreat, even though the opportunity to do so is presented to him.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

· JUNE 22, 1923.

THE defendant was indicted upon the charge of assault upon one Bertha Booton, with intent to commit murder. There was a jury trial, and verdict returned, finding the defendant guilty of assault with intent to inflict great bodily injury. Motion for new trial having been denied, judgment was entered on the

verdict, that defendant be imprisoned in the county jail for the term of six months.—*Reversed and remanded.*

*C. R. Metcalf, pro se.*

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *O. T. Naglestad,* County Attorney, for appellee.

WEAVER, J.—The defendant is a resident of Sioux City, Iowa. At the time of the occurrence in question, he owned two adjacent lots or building sites, on each of which was a dwelling house. In an apartment in one of these houses, defendant and his wife made their home. This apartment fronted upon the street to the south. Other portions of the house were leased to tenants, among whom were the prosecuting witness and her family, occupying a room or rooms in the northwest part of the structure, and facing upon a porch and yard to the west. In the other building were other tenants, with one of whom lived a boy named Anderson. The defendant's wife complained that Anderson was noisy, profane, and impertinent. It is claimed by appellant that, upon his remonstrating with the boy, the latter became "sassy," thereby provoking the accused to strike him. This encounter took place on July 25, 1920, and, the boy having reported the alleged assault upon him, the husband of the complaining witness, with one Mansbridge, with whom Anderson lived, appears to have assumed the quarrel, and on the following morning, in the yard adjacent to the apartment occupied by defendant, accosted him with warnings and threats of punishment. The complaining witness, appearing on the scene, added her voice to the chorus of denunciation, whereupon defendant asked her why she was "butting in," and told her to get back to her own side of the house. She responded vigorously, taking up a stick, which she says was a scrub broom, or, as defendant says, a piece of two by four scantling, saying: "You get around the house there, or I will land on you." The evidence further tends to show that, about this time, both Mansbridge and Booton were also threatening the defendant. Booton was armed with a weapon which defendant says was an open

knife, but which he, Booton, says was a pair of steel pliers, taken from a tool box. Appellant says of Booton and wife:

"They both came together. They both threatened to kill me. She picked up a piece of two by four, about three feet long, and by the side of Booton, he with the knife, both started at me. I retreated three steps, and told them twice not to come at me with the stick and knife, and they kept coming. I was right in front of my front door, where I would have gone into the house, but Cary, another tenant, was standing there, and Mansbridge about ten feet east of me; and, the Bootons still coming, I drew my revolver and shot at them, and the ball struck her in the south side of her mouth, about six inches from Mr. Booton."

The foregoing is but a small part of the testimony, but it is sufficient to indicate that a fair question was presented as to whether defendant fired the shot in self-defense. In passing thereon, it was essential that the jury be properly instructed upon the rules of law applicable to such issue. Referring thereto, the trial court charged the jury that, if a person is assaulted, and it is evident to him that the danger therefrom "*can be avoided in any other way, as by retreating from the conflict,*" then he is not justified in using a deadly weapon in self-defense. This proposition was emphasized by a further instruction, as follows:

"And if you shall find from the evidence in this case that, just before the defendant shot Bertha Booton, he had been unlawfully assaulted by her and others, and had been unlawfully threatened by her and others, and that, from the character of said assaults and threats, he had reason, as an ordinarily prudent and cautious man, to believe, and did in good faith and honestly believe, that he was in danger of being killed, or suffer great bodily injury, and that the parties were *so situated that he could not have retreated,* or he could not possibly have expected to have preserved his life *or protect himself by retreating,* then, in that case, he was justified in using such force and such means to protect his life and person as may in good faith then have appeared necessary to him, as an ordinarily prudent and courageous man, under all the circumstances then surrounding him, even to the taking of life."

The italics in the foregoing quotation are ours, and serve to point out the error which vitiates the charge and compels a reversal of the judgment appealed from. It is not the law that a party unlawfully attacked in his own house, or in any other place where he has a right to be, is under any legal duty to retreat, even if the opportunity so to do is offered him; but he may stand his ground and resist the assault by all the force reasonably necessary to defend his person or to expel the intruder. See *State v. Bennett*, 128 Iowa 713; *State v. Borwick*, 193 Iowa 639, 646, 649, and authorities there cited. Counsel for the State concede this proposition of law, but say that, even if defendant was unlawfully assaulted, the force used by him was unreasonable and out of proportion to the danger by which he was threatened. But admitting that the right of self-defense is as limited, this in no manner cures the error in the instruction by which the jury is told that such defense is not available to the accused if he "could protect himself by retreating." Under such an instruction, if the jury believed that defendant was assaulted on his own premises by persons armed with deadly weapons, and could have avoided the threatened injury by retreating or by taking refuge in his house, his failure so to do would deprive him of his right to repel force by force. Such a ruling is not sustainable on principle, and could not be otherwise than prejudicial to the defense. In addition to the precedents to this effect, see *People v. Tomlins*, 213 N. Y. 240 (107 N. E. 496); *State v. Gardner*, 96 Minn. 318, 326 (104 N. W. 971, 974). The opinion in the *Tomlins* case is quite in point, and embodies a very pertinent discussion of the authorities.

In view of the necessity of granting a new trial, we refrain from any expression of opinion upon the merits of the case. Other assignments of error are discussed by counsel, but the questions so raised are, for the most part, such as are not likely to arise on a retrial, and we shall not extend this opinion for their consideration. Because of the error in the court's charge to the jury, the judgment appealed from is reversed, and the cause remanded to the district court for new trial.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.