IN RE APPLICATION FOR DISBARMENT OF ELMER L. HUNT.

**ATTORNEY AND CLIENT:** Disbarment—Jurisdiction.  Jurisdiction of disbarment proceedings may be acquired (1) by the filing by a bar association of specifications of misconduct by an attorney, (2) by the appointment by the court of a committee to draft charges, and (3) by the due filing of such charges. (Sec. 10931, Code of 1924.)

**ATTORNEY AND CLIENT:** Disbarment—Grounds.  The act of an attorney in making a false certificate as to the signing and delivery of a bond, and in affixing to the bond the signature of another person as notary public, affords ample grounds for a disbarment order.

Headnote 1:  6 C. J. p. 604.  Headnote 2:  6 C. J. p. 596.

*Appeal from Union District Court.*—J. H. APPLEGATE, Judge.

OCTOBER 27, 1925.

REHEARING DENIED JANUARY 19, 1926.

PROCEEDINGS for the disbarment of an attorney at law. The trial court entered an order suspending the respondent from the practice of law for a period of eighteen months, with

leave to apply for reinstatement after a certain period. The respondent appeals.—*Modified and affirmed.*

*R. Brown, Frank B. Wilson, Frank Wisdom,* and *Scott M. Ladd,* for appellant.

*Kenneth H. Davenport, George A. Johnston,* and *E. A. Lee,* for appellees.

Faville, C. J.—Appellant was admitted to the bar of this state in 1921, and has been engaged in the practice of his profession since that time. In June, 1924, the bar association of

1. Attorney and client: disbarment: jurisdiction.

Union County appointed a committee to examine into and report on certain alleged practices on the part of appellant. The committee filed its report with the bar association, containing certain charges, and at the next term of the district court of Union County, the report of said committee was presented to the court, and thereupon the court entered an order appointing a committee of the bar, and directing it to draw up accusations against appellant, based on said committee report and "on such other matters as may be brought to their attention." Subsequently, formal charges were filed by the committee, in compliance with the order of the court, and an order of court was entered requiring appellant to appear and file answer before a certain date. Appellant appeared and filed answer within the time specified. Subsequently the cause proceeded to trial.

Upon hearing, the trial court found that "the defendant is guilty of misconduct in relation to the matters charged in the sixth division of said accusation," and ordered that appellant be suspended from the practice of law in the state of Iowa for the period of eighteen months from and after July 1, 1925, and that he pay the costs of the action; and it was further ordered that, at any time after the 1st of October, 1925, if so advised, appellant might apply to the district court of Union County for a modification of the order of suspension and for a reinstatement as an attorney, upon proper showing.

This court, upon proper application, granted an order stay-

ing enforcement of said judgment until the final determination of said cause in this court.

I.   It is contended by appellant that the court erred in signing the order appointing a committee to draft charges against appellant and providing that the committee should present the same "at such proper time as shall be convenient and proper."

There is no merit in this contention.   The alleged misconduct of appellant was properly brought to the attention of the trial court by the filing of a report of the committee of the bar association, and the court duly entered an order appointing a committee and directing said committee to make the investigation and to file charges.   The proceedings were in accordance with the statute, and gave the court jurisdiction to hear and determine the question.   *State v. Tracy*, 115 Iowa 71.

II.   The trial court found appellant guilty of misconduct in regard only to one of the charges preferred against him.   The said specification is as follows:

"That on or about June 12, 1923, one G. C. Bentley had prepared in the office of said firm of Hunt & Chittenden a certain surety bond in the sum of $1,000, which bond purported to have been signed by G. C. Bentley as principal and J. S. Walton and W. M. Long as sureties; that the name G. C. Bentley as principal and J. S. Walton, surety, and W. M. Long, surety, also appear below the printed portion of said bond and on the left side thereof, and opposite the name 'J. S. Walton' appears the following:  'Signed, sealed and delivered in the presence of, signed E. L. Hunt.'   That below and on the same page appears the affidavit of J. S. Walton and W. M. Long, which purports to have been signed by the said J. S. Walton and W. M. Long, and thereunder is the following:  'Subscribed and sworn to before me this 12th day of June, 1923.   H. C. Chittenden.'   Notarial seal attached.   That said bond was not signed by either of said sureties, J. S. Walton and W. M. Long, in the presence of either the said E. L. Hunt or in the presence of H. C. Chittenden, and that the said affidavit was not signed by either the said J. S. Walton or W. M. Long in the presence of the said E. L. Hunt or H. C. Chittenden, nor did they, the said

2. Attorney and client: disbarment: grounds.

sureties, at any time acknowledge said purported signatures in the presence of either the said E. L. Hunt and H. C. Chittenden, or authorize the said E. L. Hunt to sign the same as a witness, or the said H. C. Chittenden to certify as notary public. In truth and in fact, the bond was not signed in the presence of the said E. L. Hunt by either the said J. S. Walton or W. M. Long, nor was said affidavit signed by either of them in the presence of H. C. Chittenden; and this committee charges that the certificate of the said E. L. Hunt that said bond was signed, sealed, and delivered in his presence was false, and the certificate below the purported affidavit by the said H. C. Chittenden, on which his notarial seal is impressed, was a false certificate, and was known to be false by both the said E. L. Hunt and H. C. Chittenden.''

We have examined the original exhibits and the entire record with great care. It clearly appears that the names of J. S. Walton and W. M. Long as sureties on the bond in question were forgeries. There is no contention that appellant was guilty of said forgery, or that he was a party to procuring the same upon the bond. It is his contention that the names of said parties were not on the bond at the time he signed his name as a witness to said bond. He does admit, however, that he signed his name upon said bond as the attesting witness. The printed recital in the bond is, ''Signed, sealed and delivered in the presence of  .................'' Appellant admits that he wrote his name in the blank space.

In respect to the execution of this bond, it is first contended that appellant was guilty of misconduct in signing his name as a witness on said bond, thereby purporting to attest that the bond was ''signed, sealed and delivered'' in his presence, when, under his own admissions, the names of the sureties had not been affixed to the bond at said time. His explanation is that he meant by said signature to attest that the bond had been signed, sealed, and delivered in his presence by the principal of said bond, Bentley, only.

Appellant knew that the bond was to be signed by sureties, and in his own handwriting filled in the names and addresses of the sureties whose signatures were expected to be secured to the bond. The clear purport of his attesting signature was

that the principal on the bond and these sureties whom he had himself named in the bond had all signed the bond in his presence. The recital was false, and one clearly intended to deceive the obligee in the bond.

In connection with this bond, it is contended, also, that the signature attached thereto, purporting to be the signature of Harry C. Chittenden, was written by appellant. Chittenden denies that he signed the instrument, and there is no claim whatever in the record that he did so sign it. The question at this point is whether or not appellant signed the name of Chittenden to the bond as a notary public.

At the time of the transaction, Chittenden was the partner of appellant, but there is no claim that he had any knowledge of the bond, or had anything to do with it.

The original bond is before us, together with other handwriting of appellant's, as well as of Chittenden's. The evidence of handwriting experts was offered with regard to the signature on the bond. We are abundantly satisfied, from a careful examination of all of the evidence in the case, that the signature of Chittenden to the bond in question was written by appellant.

We acquiesce in the conclusion of the trial court that appellant was guilty as charged in the sixth specification of the charges against him. The conduct of appellant in regard to attesting the bond under the circumstances, and in signing the name of Chittenden thereto as a notary public, was an infraction of the statutes of the state governing the practice of law. Such practices cannot be countenanced or tolerated.

The effect of the order of the trial court was that appellant should stand suspended from the practice of law in the state of Iowa for a period of eighteen months from a certain date, and that, after three months from said date, he might, if so advised, apply to the district court of Union County for reinstatement, upon a proper showing.

Section 10936, Code of 1924, is as follows:

"In case of a removal or suspension being ordered, an appeal therefrom lies to the Supreme Court, and all the original papers, together with a transcript of the record, shall thereupon be transferred to the Supreme Court, to be there consid-

ered and finally acted upon. A judgment of acquittal by a court of record is final.''

It is to be noticed that it is provided that, in appeals in cases of this character, the original papers, together with the transcript, when transferred to this court, shall be ''there considered and finally acted upon.'' We have so considered the same, and reach the conclusion that the order of this court shall be that appellant be suspended from the practice of law in the state of Iowa for a period of eighteen months from and after the date of the filing of this opinion.

It is so ordered.

EVANS, STEVENS, DE GRAFF, VERMILION, ALBERT, and MORLING, JJ., concur.