STATE OF IOWA, Appellee, v. C. R. METCALFE, Appellant.

**ATTORNEY AND CLIENT:** Disbarment of Attorney—Grounds—
1 **Abandoned Conviction.** A conviction óf an attorney in police court for keeping a disorderly house, followed by an appeal which has remained dormant for six years, must be deemed abandoned as a ground for disbarment of the attorney.

**ATTORNEY AND CLIENT:** Disbarment of Attorney—Conviction of
2 **Felony—Judicial Notice of Reversal.** On an appeal from an order disbarring an attorney on the ground that he has been convicted of a felony, the appellate court will take judicial notice that said conviction has been reversed by said court subsequent to the entry, of the order of disbarment.

**ATTORNEY AND CLIENT:** Disbarment of Attorney—Grounds—Quar-
3 reling, **Fighting, and Breaches of the Peace.** The fact that an attorney has been personally embroiled in quarrels with others and has inflicted grievous wounds upon them does not furnish grounds for disbarment unless such transactions establish a lack of that

*professional* integrity, honesty, and fidelity which are required in an attorney.

**ATTORNEY AND CLIENT:** Disbarment of Attorney—Grounds—Intoxicating Liquor Nuisance. Proof that an attorney has been enjoined from trafficking in intoxicating liquors, but that his participation in such trafficking was purely passive, does not furnish grounds for disbarment.

Headnote 1: 6 C. J. p. 587 (Anno.)  Headnote 2: 6 C. J. p. 611 (Anno.)  Headnote 3: 6 C. J. pp. 600, 607.  Headnote 4: 6 C. J. p. 600.

Headnote 1: 2 R. C. L. 1100.  Headnote 3: 2 R. C. L. 1100.

*Appeal from Woodbury District Court.*—E. G. ALBERT, Judge.

JULY 1, 1927.

Proceeding to revoke the license of defendant to practice as an attorney. The defendant appeals from a judgment revoking his license.—*Reversed.*

   *C. R. Metcalfe, pro se.*

*G. T. Struble, E. A. Burgess,* and *George H. Bliven,* for appellee.

VERMILION, J.—The charges against the appellant, as amended, upon which the trial was had and his license to practice as an attorney at law was revoked, may be summarized as follows:

1. That the defendant had been convicted in the police court of Sioux City of keeping a disorderly house, and had been fined; that he had appealed to the district court, and the appeal was undisposed of.

2. That the defendant had been charged in an action in equity with keeping and maintaining a place where intoxicating liquors were kept for sale and sold, and a permanent injunction asked, restraining him from trafficking in intoxicating liquors; that, upon a trial, such injunction was issued; that the defendant appealed, and the decree was affirmed.

3. That the defendant made an unlawful and felonious assault upon one Bertha Booten, with intent to inflict upon her

a great bodily injury, and shot her with a revolver; that he
was indicted, charged with an assault with intent to commit
murder, the indictment being based upon such transaction;
that, upon a trial, the defendant was convicted of an assault
with intent to inflict a great bodily injury; that he appealed,
and the judgment of conviction was reversed.

4. That Bertha Booten brought an action for damages
against the defendant, growing out of the same transaction;
that a trial thereof resulted in a judgment against the de-
fendant.

5. That the defendant made an unlawful and felonious as-
sault with a shotgun upon, and shot, one John Perry; that he
was indicted therefor, and upon a trial was convicted of an
assault with intent to inflict a great bodily injury, and sen-
tenced to imprisonment in the county jail for one year; that he
had appealed from such judgment of conviction, and the appeal
was undisposed of.

It was alleged that, by reason of the foregoing matters, the
defendant had violated the laws of the state and the ordinances
of the city, had been convicted of a felony, had violated his
obligation as an attorney at law, and had been guilty of conduct
unbecoming an attorney.

The defendant answered at some length. He admitted his
conviction in the police court for a violation of the city ordi-
nances, but alleged that he had appealed therefrom, and that
the prosecution had been abandoned by the city. He admitted,
in substance, the granting of the permanent injunction against
him, and his unsuccessful appeal from the decree in that ac-
tion, and set up facts in alleged extenuation or explanation of
the charge there made against him. He admitted his convic-
tion under the first indictment mentioned in the charges, and
pleaded the reversal of the judgment on appeal. He also
pleaded what were alleged to be the facts out of which the
charge arose. He admitted that Bertha Booten obtained a
judgment against him. He admitted his conviction under the
second indictment of the crime of an assault with intent to
inflict a great bodily injury upon Perry, and pleaded at length
the alleged facts of the transaction.

It is to be observed that no allegation of fact, other than
the conviction in the police court and the appeal therefrom,

and the judgment in the liquor injunction suit and the affirmance thereof, is made in connection with those transactions. It is alleged, as matter of fact, that appellant made unlawful assaults upon, and wounded, Bertha Booten and John Perry. Transcripts of the evidence introduced in the trials of the two criminal actions for assault and the civil action for damages were introduced in evidence on the trial of this proceeding.

I. The conviction of the appellant in the police court for a violation of a city ordinance was had, and the appeal therefrom taken, in January, 1918. The original charges herein

1. ATTORNEY AND CLIENT: disbarment of attorney: grounds: abandoned conviction.

were filed in 1922, and the trial thereon held in 1924. The appeal from the judgment of the police court was triable anew in the district court, upon the facts, and before a jury. We think that the failure to bring the appeal on for trial during the six years preceding the hearing herein must be considered as an abandonment of the prosecution, and that the conviction has little, if any, probative force in this proceeding.

II. With respect to the charges of assault made in the two indictments against the appellant, and the civil action for

2. ATTORNEY AND CLIENT: disbarment of attorney: conviction of felony: judicial notice of reversal.

damages, it appears that the convictions and the judgments therein have all been reversed in this court. See *State v. Metcalf*, 196 Iowa 281; *Booton v. Metcalfe*, 201 Iowa 311; and *State v. Metcalfe*, 203 Iowa 155.

We may say that the judgment in the civil action and the conviction under the indictment for assault upon John Perry were reversed after the trial below. While we cannot, under ordinary circumstances, properly consider on appeal anything not appearing in the record made below, we are, in this proceeding, clothed by statute with authority to consider and finally act upon the record presented. Section 329, Code of 1897 (Section 10936, Code of 1924). The proceeding is special, and even unlike an equitable action. *State v. Kaufmann*, 202 Iowa 157. We have not hesitated to modify, as against a defendant, an, order of suspension, although the prosecution had not appealed, and a judgment of acquittal is final. *In re Application for Disbarment of Hunt*, 201 Iowa 181. We cannot, under the somewhat peculiar circumstances existing here, ignore the fact, as shown by our own records, that the conviction of ap-

pellant has, since the trial of this action below, been reversed. To do so would, under the provision of Section 324, Code of 1897, making the conviction of a felony conclusive ground for the revocation or suspension of an attorney's license, result in the disbarment of appellant upon a ground which, by our own pronouncement, does not and did not rightly exist. See *Poole, Gilliam & Co. v. Seney,* 70 Iowa 275.

But, notwithstanding the results of the appeals in the criminal cases against appellant, the facts out of which the prosecutions arose are, though somewhat meagerly, pleaded as

3. ATTORNEY AND CLIENT: disbarment of attorney: grounds: quarreling, fighting, and breaches of the peace.

grounds for the revocation of his license, and are shown in the record. And, although there be no convictions under the indictments, the facts so shown may be such as to warrant affirmative action in this proceeding. *In re O'Brien,* 95 Vt. 167 (113 Atl. 527); *Margolis's Case,* 269 Pa. St. 206 (112 Atl. 479); *People ex rel. Colorado Bar Assn. v. Thomas,* 36 Colo. 126 (91 Pac. 36); *In re Platz,* 42 Utah 439 (132 Pac. 390).

We shall not review at length the facts involved in the two charges of assault made against the appellant. They are set out in our opinions filed on the appeals in those cases and the civil action for damages cited supra. It will suffice here to say that the shooting of Bertha Booten occurred when she, armed with a scrub broom, if not a heavier weapon, voluntarily joined her husband and another in an altercation with appellant, and advanced threateningly toward him. The trouble occurred on appellant's premises, where he lived, and where the other parties lived as tenants. John Perry, a young boy, was shot when he was admittedly a trespasser, playing on appellant's premises. It was appellant's claim that he shot at parties whom he discovered stealing chickens from his chicken house, and that he did not see Perry, who was concealed by weeds.

It is apparent that the circumstances of neither case involve any misconduct of appellant within the sphere of his duty as an attorney, or any lack of the qualifications of integrity, honesty, and fidelity essential to that relation. Appellant's misconduct or criminality, if such existed, involved only his personal relations with others, in matters affecting his or

their rights of personal security or safety, or his right to protect his property. We said in *State v. Mosher*, 128 Iowa 82:

"The statute does not purport to include all the grounds for the revocation of licenses to practice as an attorney at law, and, even though ceasing to be of good moral character be not within the causes stated in Section 324 of the Code, the court had jurisdiction to disbar defendant on that ground. * * * The moral delinquencies must be such, however, as shall unfit the person accused for the proper discharge of the trust reposed in him. Among these are the absence of common honesty and veracity, especially in all professional intercourse."

See, also, *State v. Rohrig*, 159 Iowa 725. In *In re Platz*, supra, the court said:

"By what is said above we do not hold that the mere fact that an attorney may be charged with a crime or an offense is sufficient to disbar him. The offense charged against him may not be true. Again, it may not relate to or impair his qualifications for honesty, integrity, and fidelity."

Even though it should be said that appellant was not justified on the theory of self-defense in shooting Mrs. Booten, or that his claim as to the shooting of Perry was not true, and there was no justification for so doing, these acts do not, of themselves, necessarily evince a lack of moral character in respect to the qualities required for the proper discharge of the duties of an attorney, nor, in the absence of a conviction therefor, require his disbarment. A quarrelsome disposition, a hasty and ungoverned temper, and even an unwarranted assertion, under provocation, of a claimed right of defense of self or property, are not necessarily incompatible with truthfulness, faithfulness, and integrity. We do not, of course, say that an act of personal violence committed by an attorney might not be attended by such circumstances as to show a loss of moral character and warrant the revocation of his license. We merely hold that we do not find such circumstances shown in the record here.

III. The injunction restraining appellant from the traffic in intoxicating liquor was not a conviction of a criminal offense, within the meaning of Section 324, making conviction of a

**4. ATTORNEY AND CLIENT: disbarment of attorney: grounds: intoxicating liquor nuisance.** felony, or a misdemeanor involving moral turpitude, conclusive. As has been noted, only the fact of the adjudication is alleged in the charges filed. The decree in that case was entered in 1918. The appellant introduced no evidence in support of his pleaded explanation, except the opinion of this court, affirming the decree in that action, *McMillan v. Metcalfe* (Iowa), 174 N. W. 481 (not officially reported). The action was against both appellant and his wife. It appears from the opinion in that case that they were operating a rooming house. There was no direct evidence that sales of intoxicating liquor were made by either of the defendants. Liquor in considerable quantities was found in the rooms occupied by roomers. There was evidence of a sale made on the premises, but not by either of the defendants, or, so far as appears, with their knowledge. The opinion states that the place was extensively resorted to by Indians and others for the purpose of intoxication, and that the atmosphere was that of a place where intoxicating liquors were kept for sale.

While the injunction was issued upon proof of pre-existing facts, it was preventive and prohibitive in character, and designed to secure a future observance of the law, rather than punitive. The dereliction of the appellant, so far as appears, was, at most, passive, and not active. We would not be understood as palliating or extenuating appellant's fault in permitting his place to be so used; but, in view of the circumstances mentioned, and the further fact that four years intervened between the granting of the decree and the filing of the instant charges, and there is no claim of a violation of the injunction, we are not disposed to say that such a lack of moral character is shown by this circumstance as to warrant the revocation of his license as an attorney.

The case below would seem to have been bottomed largely upon appellant's conviction of a felony, which the statute made conclusive ground for the revocation or suspension of his license. The subsequent reversal of his conviction, of which we have felt bound to give him the benefit, has left, we think, no

sufficient basis in the record to sustain the judgment, and it must be, and is,—*Reversed.*

EVANS, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.

ALBERT and KINDIG, JJ., take no part.