

## In re DOE.
### No. 173.

Circuit Court of Appeals, Second Circuit.

March 21, 1938.

Harold Stern, of New York City, for appellant.

John C. Walsh, of New York City, for District Court.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is an appeal from an order disbarring an attorney from the District Court for the Southern District of New York. The parties agreed to accept in place of the testimony taken before the District Judge his opinion given in disposing of the cause. That consists for the most part of a recital of the testimony, with a running discussion of its credibility and of the inferences which might properly be drawn from it; but we cannot be sure as to just what misconduct the judge found the respondent had been guilty of. Indeed, no definite charges were ever made against him. It is clear that he did employ one Roth to find out whether in a prosecution then on trial in which he was counsel the jurors were qualified as to residence and citizenship and otherwise. Roth interviewed the wife of one juror, and the brother of another, and in some way learned a good deal about others. The respondent was fully cognizant of all this and approved it; and the judge held that it brought him within the

doctrine of Sinclair v. United States, 279 U.S. 749, 49 S.Ct. 471, 73 L.Ed. 938, 63 A.L.R. 1258; we agree that it did and that some punishment was proper; but it seems to us that disbarment is too severe a penalty for shadowing jurors, unless the respondent meant to debauch them. Disbarment is fitting only when the attorney has been guilty of corrupt conduct; of some attempt to suborn a witness, or to bribe a juror, or to forge a document, or to embezzle clients' property, or other things abhorrent to honest and fair dealing. According to the opinion, there was also testimony in this proceeding that Roth tried to bribe one juror by offers to his wife, and another through his brother; we assume that the judge meant to find that Roth had done these things because he was convicted of the attempted bribery of these two jurors. The respondent was acquitted of that charge when Roth was convicted; but there was evidence in this proceeding from which the judge might have found that he was guilty, notwithstanding his acquittal. If he had so found we should have affirmed the order, but the opinion does not leave it quite free from doubt whether he did, or whether he may not have disbarred him under Sinclair v. United States, supra, 279 U.S. 749, 49 S.Ct. 471, 73 L.Ed. 938, 63 A.L.R. 1258. If the last, we should impose a less severe punishment; and we cannot dispose of the appeal as the record stands.

Acquittal upon the same charge in the trial upon the indictment is not a bar to this proceeding. In re Barach, 279 Pa. 89, 123 A. 727; In re O'Brien, 95 Vt. 167, 113 A. 527, 14 A.L.R. 859; State v. Metcalfe, 204 Iowa 123, 214 N.W. 874; People v. Thomas, 36 Colo. 126, 91 P. 36, 10 Ann. Cas. 886; In re Thresher, 33 Mont. 441, 84 P. 876, 114 Am.St.Rep. 834, 8 Ann. Cas. 845; In re Platz, 42 Utah 439, 132 P. 390.

The order must be reversed and the cause remanded in order that appropriate findings shall be made. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281; Clarke v. Gold Dust Corp., 3 Cir., 91 F.2d 12. It will not be necessary that further testimony should be taken unless the judge thinks best.

Order reversed; cause remanded for further proceedings in accordance with the foregoing.