Charles R. HARARY, Plaintiff-Appellant,

v.

W. Michael BLUMENTHAL, Secretary of the Treasury of the United States of America, Defendant-Appellee.*

No. 682, Docket 76–6151.

United States Court of Appeals, Second Circuit.

Argued April 5, 1977.

Decided May 19, 1977.

---

* During the pendency of this appeal, William E. Simon was replaced as Secretary of the Treasury by the above-named appellee. We have amended the caption accordingly.

Michael S. Fawer, New Orleans, La., for appellant.

Frederick P. Schaffer, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Samuel J. Wilson, Asst. U. S. Atty., New York City, of counsel), for appellee.

** Hon. Charles E. Wyzanski, Jr., of the United States District Court for the District of Massachusetts, sitting by designation.

*** Hon. James S. Holden, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. The district court's opinion does not mention jurisdiction. The only basis for jurisdiction alleged in appellant's complaint was "the Administrative Procedure Act [APA], 5 U.S.C. § 703, et seq." The Secretary's answer specifically denied that jurisdiction existed under this statute, and the Supreme Court has since held that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action," *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).

When the complaint pleads facts from which federal jurisdiction may be inferred, however, the insufficiency of the jurisdictional allegation

Before OAKES, Circuit Judge, and WYZANSKI ** and HOLDEN,*** District Judges.

OAKES, Circuit Judge:

 Appellant, a certified public accountant, seeks by this appeal to avoid "disbarment" from practice before the Internal Revenue Service (IRS). He was disbarred in an administrative disciplinary proceeding before the Secretary of the Treasury, pursuant to 31 U.S.C. § 1026 and regulations thereunder, and sought review of the administrative decision in the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge. Assuming jurisdiction,[1] the district court granted summary judgment for the Secretary. We affirm.

I.

Appellant's disbarment arose out of a prior criminal proceeding in which he was charged with bribing and conspiring to bribe a special agent of the IRS in violation of 18 U.S.C. §§ 201(b), 371, and with paying the agent a gratuity in violation of 18 U.S.C. § 201(f). He admitted that he had paid the agent the sum of $1,250 on behalf of his client, that he had told the client that the agent wanted $2,000 and that he (appellant) had kept the $750 difference.

is not controlling, and the action need not be dismissed. *See Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975); *Paynes v. Lee*, 377 F.2d 61, 63 (5th Cir. 1967); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 552 (1969). The complaint, in specifying the facts relating to appellant's disbarment by the Secretary, plainly alleged a "matter in controversy . . . aris[ing] under the . . . laws . . . of the United States." 28 U.S.C. § 1331(a). We take judicial notice of the fact that membership in the bar of the Internal Revenue Service would be worth more than $10,000 to appellant, a certified public accountant; after the district court's decision in this case, moreover, Congress amended 28 U.S.C. § 1331(a) to eliminate the amount-in-controversy requirement in suits against federal employees in their official capacities, Act of Oct. 21, 1976, Pub.L. No. 94–574, § 2, 90 Stat. 2721.

Appellant was tried before a jury and was acquitted of the conspiracy and bribery charges, but was convicted of the gratuity charge. On appeal this court reversed the conviction on the gratuity charge and ordered that count of the indictment dismissed. *United States v. Harary*, 457 F.2d 471 (2d Cir. 1972). The court held that the district court had erred in submitting the lesser included gratuity offense to the jury, because there was no disputed factual element that would have allowed the jury rationally to conclude that appellant was guilty of the lesser offense but not of the greater offense of bribery. *Id.* at 477–78.

Subsequently, Treasury Department officials filed an administrative complaint, pursuant to 31 C.F.R. § 10.54, seeking appellant's disbarment from practice before the IRS. The grounds alleged included appellant's attempt to influence an agent in the conduct of an audit of appellant's client and appellant's overstating to his client the amount of the payment that the agent had agreed to accept. Following a hearing, at which the parties jointly offered in evidence the transcript from appellant's criminal trial, an administrative law judge (ALJ) found that appellant had committed the acts charged and ordered appellant disbarred. Appellant's appeal to the Secretary of the Treasury resulted in an opinion by the Department's General Counsel, acting on behalf of the Secretary, affirming the ALJ's decision in all respects. Appellant then sought relief in the district court and from that court's order took the instant appeal.

## II.

■ In support of appellant's contention that the disbarment decision should be overturned, the principal argument is that collateral estoppel prevents his being disbarred for bribery and conspiracy to bribe, since he was acquitted of those charges at his prior criminal trial. This acquittal, appellant reasons, "definitively" establishes that he was entrapped by the IRS into paying the bribe, because at his trial appellant admitted the payment and relied wholly on an entrapment defense. Appellant's

legal premise, however, is clearly wrong. The standard of proof in a criminal trial is guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). An acquittal in such a trial, under such a standard, cannot control a subsequent disbarment proceeding, in which a lower standard of proof is required, see *In re Echeles*, 430 F.2d 347, 352–53 (7th Cir. 1970); *In re Doe*, 95 F.2d 386, 387 (2d Cir. 1938) (per curiam). *See generally One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam); *United States v. National Association of Real Estate Boards*, 339 U.S. 485, 492–94, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); *Helvering v. Mitchell*, 303 U.S. 391, 397–98, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *Neaderland v. Commissioner*, 424 F.2d 639, 642–43 (2d Cir.), *cert. denied*, 400 U.S. 827, 91 S.Ct. 53, 27 L.Ed.2d 56 (1970). Moreover, the issue in a disbarment proceeding is essentially fitness to practice, rather than the criminality of the acts involved. *See Bar Association v. Anonymous Attorneys*, 41 N.Y.2d 506, 393 N.Y.S.2d 961, 362 N.E.2d 592 (1977) (per curiam).

Even were appellant's legal premise correct, however, his factual premise that the jury's verdict constituted a finding of entrapment is clearly incorrect in the circumstances of this case. As noted above, the jury at appellant's trial, while acquitting him of the bribery charges, found him guilty of giving the IRS agent a gratuity. This court later stated that the jury's verdict amounted to "a compromise." *United States v. Harary, supra*, 457 F.2d at 479. The jury, in the court's view, could not rationally have concluded that appellant had been entrapped by the IRS into giving a bribe but not entrapped into giving a gratuity. *Id.* at 478. From such a compromise verdict it cannot be said that the question of entrapment was "necessarily determined" against the Government, as is required to support a later holding of collateral estoppel, *see United States v. Kramer*, 289 F.2d 909, 916 (2d Cir. 1961); 2 C. Wright, *Federal Practice and Procedure* § 468, at 263 (1969), nor can it be said that a

finding of entrapment was the only one consistent with the evidence and the verdict, *compare Sealfon v. United States*, 332 U.S. 575, 579–80, 68 S.Ct. 237, 92 L.Ed. 180 (1948); *United States v. Kramer, supra*, 289 F.2d at 914–15. Under these circumstances, when it is uncertain exactly what the jury decided on a particular issue in a prior criminal action, the issue may be relitigated in a later, noncriminal action. *See United States v. Davis*, 460 F.2d 792, 799 (4th Cir. 1972).[2]

### III.

■■■ As a separate ground for disbarring appellant, a ground unrelated to his prior criminal trial, the Secretary held that appellant had willfully deceived his client.[3] As stated above, appellant told his client that the IRS agent had to be paid $2,000, but appellant in fact paid the agent $1,250, pocketing the $750 difference for himself. The Secretary held that this conduct violated 31 C.F.R. § 10.22(c), which requires that each attorney, certified public accountant or enrolled agent "exercise due diligence . . . [i]n determining the correctness

of oral or written representations made by him to clients with reference to any matter administered by the Internal Revenue Service." Appellant argues that this regulation has not been violated or, in the alternative, that the regulation is unconstitutionally vague.

With regard to the first point, appellant's position is that 31 C.F.R. § 10.22(c) was not meant to apply to conduct of the type here involved. A requirement that practitioners before the IRS make correct representations to clients with regard to illegal courses of conduct, appellant reasons, would encourage illegality by practitioners in situations in which it could otherwise be avoided. He cites the hypothetical example of an IRS agent soliciting a bribe from an accountant and argues that, under the Secretary's interpretation of the regulation, the accountant could be disbarred for failing truthfully to communicate the criminal overture to his client. We need not determine the correctness of appellant's resolution of the hypothetical, for, even if he were correct that the overture had to be reported to the client, the accountant would

**2.** Appellant argues that this court should not consider the inconsistency in the jury's verdict at his trial, but rather should look only at the acquittal, because it was the Government's "misguided trial tactics," *United States v. Harary*, 457 F.2d 471, 477 (2d Cir. 1972), pursued over appellant's objections, *see id.* at 479, that led to submitting the gratuity count to the jury, which in turn led to the compromise verdict. The collateral estoppel requirement that an issue actually be determined in the prior proceeding, however, cannot be overlooked simply because the trial strategy used in good faith by the party against whom estoppel is sought is held on appeal (here by a 2–1 panel majority) to have been erroneous. It is not certain here, moreover, that the jurors would have acquitted appellant of bribery if they had not had the gratuity alternative available to them.

As a separate point, appellant argues that, "in view of the definitely established entrapment," the institution of disbarment proceedings by the "entrapping agency" amounted to "harassment" or an attempt to circumvent the jury's acquittal and this court's reversal in his criminal case. First, as discussed above, we do not believe entrapment was "definitely established." Apart from this, moreover, appellant points to nothing in the record that even suggests harassment or circumvention by the IRS; the bringing of a disbarment action does not

itself amount to that. Unlike *Bender v. Board of Regents*, 262 App.Div. 627, 630–31, 30 N.Y. S.2d 779, 784 (1941), in which both procedural irregularities and insufficient proof led the court to conclude that an "indirect" attempt was being made by an administrative body to reverse a verdict of acquittal, the appellant here challenges neither the procedures used by the IRS nor the sufficiency of the evidence of his misconduct.

**3.** The Secretary argues that this ground was "independent" of the bribery ground, thereby implying that we could uphold appellant's disbarment solely on the basis of his deception of the client. Neither the General Counsel's nor the ALJ's opinion, however, definitively states that the sanction of permanent disbarment would have been ordered had this deception been the only misconduct alleged against appellant. Neither the statute nor regulation makes disbarment mandatory in such circumstances. The administrative complaint sought suspension as an alternative to disbarment. *See also* 31 U.S.C. § 1026; 31 C.F.R. §§ 10.50, 10.52. Accordingly, if we are to uphold appellant's disbarment without a remand, we must determine both the bribery and client deception issues in favor of the Secretary.

also have an obligation to advise his client against participation and to report the entire matter to the proper officials of the IRS. *See* 31 C.F.R. § 10.51(d), (f). Hence there would be no fostering of illegality unless the accountant were already so disposed.

The regulation at issue, 31 C.R.F. § 10.-22(c), requires, quite simply, that a representative be honest with his clients in connection with all IRS-related matters. While the phrasing of the regulation ("due diligence in determining correctness") suggests a principal concern with making representatives accountable for negligence, nothing in the regulation limits it to cases of negligence. The term "diligence" carries connotations of loyalty and devotion as well as care and prudence. A deliberate conveying of misinformation is certainly more opprobrious conduct than a careless misrepresentation. Appellant does not dispute the fact that he was deliberately dishonest with his client and, since the dishonesty related to an IRS agent's audit, it was plainly a representation "with reference to [a] matter administered by the [IRS]." Appellant accordingly violated 31 C.F.R. § 10.22(c).

In view of our construction of the regulation, appellant's vagueness argument is rejected. He contends that the words of the regulation did not give notice that a misrepresentation to a client in connection with an audit could lead to disbarment. Apart from the fact that every professional knows or should know that cheating a client can lead to disbarment, the regulation here gave quite specific notice that representations to clients must be correct with regard to a wide but clearly defined range of matters.

Judgment affirmed.